## DOUGLAS *v.* AMERICAN OIL COMPANY

[No. 318, September Term, 1963.]

*Decided May 6, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Martin E. Gerel* for the appellant.

*Albert D. Brault* for the appellee.

MARBURY, J., delivered the opinion of the Court.

Appellant-claimant was injured on December 31, 1959 when he fell from a ladder and landed eight feet below upon concrete. The employer and self-insurer provided medical treatment on several occasions, but the appellant lost no time from work. The employer filed a report of injury on January 1, 1963, and the appellant filed a claim for permanent partial disability on January 30, 1963 based upon the premise that the back trouble he was then experiencing related to the injury he sustained in December 1959. The Workmen's Compensation Commission disallowed the claim on the ground that it was barred by the statute of limitations, and on appeal the circuit court affirmed, granting the employer's motion for summary judgment. Thus the question presented in this Court is whether the claim was barred by limitations.

For the determination of the issue presented the following pertinent provisions of Code (1957), Article 101, are set forth:

> "§ 38 (b) *Report of accident by employer.* Whenever an accident causing disability for a period of more than three days following the happening of such accident

occurs to any employee, it shall be the duty of the employer within ten (10) days after the receipt of notice of such accident, oral or written, to report such accident and injury resulting therefrom to the Commission. Such report shall state (1) the time, cause and nature of the accident and injuries, and the probable duration of the injury resulting therefrom; (2) whether the accident arose out of and in the course of the injured person's employment; (3) any other matters and rules and regulations as the Commission may prescribe."

"§ 38 (c) *Effect of employer's failure to file report after having been given notice.* Where the employer has been given notice, or the employer, or his designated representative in the place where the injury occurred, has knowledge of any injury or death of an employee, and the employer fails, neglects or refuses to file a report thereof, as required by the provisions of subsection (b) of this section, the limitations prescribed by this article shall not begin to run against the claimant or any person entitled to compensation until such report shall have been furnished as required by subsection (b) of this section."

"§ 39 (a) *Accidental injury; report of physician; failure to file application as bar.* When an employee is entitled to benefits under this article, he shall file with the Commission his application and the report of his physician, provided he was attended by a physician of his own selection, within sixty days after the date of his accidental injury, for which compensation is claimed, and failure to do so, unless excused by the Commission, either on the ground that the insurance carrier or the employer has not been prejudiced thereby, or for some other sufficient reason, shall be a bar to any claim under this article; provided, however, that failure of an employee to file a claim for compensation within eighteen months [1] from the date of

---

1. By the Acts of 1960, Ch. 33, "eighteen months" was changed to "two years."

the accident shall constitute a complete bar to any claim under this article."

"§ 48. Waiting time; exceptions.

No compensation shall be allowed for three calendar days after the beginning of disability * * * provided, however, that in case the injury results in disability of more than twenty-eight days, compensation shall be allowed from the date of disability. The day on which the injury occurred shall be included in computing this waiting period, if the employee was not paid for such day."

Before 1957 limitations began to run "after the beginning of [the] disability." See Code (1951), Article 101, Section 38 (Section 39 of the 1957 Code), as construed in *Gracie v. Koppers Co.*, 213 Md. 109, 130 A. 2d 754. However, by the Laws of 1957 (Ch. 814) a period of limitations of eighteen months running from the date of the accident was substituted. Until 1937, the law required the employer to file a report of every accidental injury. By the Acts of 1937 (Ch. 332) an amendment was adopted whereby the report was required only when the accident caused "disability for a period of more than three days following the happening of such accident * * *." Section 38 (c) is a comparatively recent addition to the compensation law, having been enacted as a new section by the Acts of 1957 (Ch. 814). Significant, we think, is that section 39 (a), which was altered to provide certainty with respect to the period of limitations, was added by the same Chapter 814 of the 1957 session laws.

It is the appellant's contention that the legislature, by adding section 38 (c) intended that the employer shall now file a report when he has knowledge of "any injury"—not merely one resulting in more than three day's loss from work. He argues that the reference in subsection (c) to subsection (b) of section 38 is to the manner of filing a report and not to the type of injury to be reported.

A similar argument was made on behalf of a claimant in a case not appealed to this Court, *Shiflett v. Bethlehem Steel Co.*, Baltimore County Circuit Court, filed February 11, 1963, re-

ported in the Daily Record of March 4, 1963. In that case the employer interposed the defense of limitations. The claimant had sustained an accidental injury arising out of and in the course of his employment. He was treated, but no time was lost from work. In a memorandum opinion affirming disallowance of the claim, Judge Menchine traced the legislative history of the pertinent provisions of Article 101 and reasoned that the legislature must have intended that the provisions of section 38 (c) were to toll the statute when, and only when the employer had violated a duty imposed by section 38 (b). As amended, that section requires the employer to file a report only when the accident caused a disability for a period of more than three days following the accident. This, he felt, harmonized the reporting requirements with the eligibility provisions of section 48, which allows no compensation for three calendar days after the beginning of disability (which disability he took to mean the same in both sections). We agree with Judge Menchine's reasoning.

If we were to sustain appellant's position that the legislature intended by section 38 (c) that the employer shall now file a report when he has knowledge of "any injury" and not only one which results in more than three day's loss from work, it would again place upon him the burden of reporting every accidental injury. Implied repeals are not favored, and we think that if the legislature had intended that subsection (b) of section 38 require the employer to report all such injuries it would have so stated in clearer language than that used in subsection (c).

As Judge Menchine said in his memorandum in the *Shiflett* case:

"If the period of time of three days mentioned in Section 38 (b) and Section 48 is interpreted to mean days lost from employment the duty and obligation of the employer is plain and simple and the penalty imposed by Section 38 (c) for the violation of that duty and obligation readily and easily understood.

"On the other hand, if the interpretation suggested by Claimant's counsel were adopted, the employer never could know with reasonable certainty when it

would be barred from asserting limitations as a defense because of a failure to file a report pursuant to Section 38 (b). Such interpretation would *ex necessitate* require an employer, for its own protection, to file a report of every accidental injury with all of the inconvenience and difficulty to itself and to the Commission attendant upon such action. Such an interpretation also would completely destroy the manifest legislative intent of Section 39 (a) to provide a certain date at which the statute of limitations begins to run."

We therefore think the court below in the instant case was correct in granting the employer's motion for summary judgment, and that the claim was barred by the statute of limitations.

*Judgment affirmed, with costs.*