## RUTH WALLS *v.* HOWARD COUNTY ASSOCIATION FOR RETARDED CITIZENS, INC. ET AL.

[No. 198, September Term, 1979.]

*Decided November 9, 1979.*

The cause was argued before LOWE, LISS and WEANT, JJ.

*Gerald A. Zimlin* for appellant.

*Joseph B. Harris* for appellees.

WEANT, J., delivered the opinion of the Court.

On February 14, 1977, the appellant, Ruth Walls, filed a claim for benefits against her employer and its insurer with the Workmen's Compensation Commission. The appellant claimed that she had sustained an injury to her left knee, which arose out of and in the course of her employment for the Howard County Association for Retarded Citizens, Inc., the appellee, on February 10, 1975. A hearing was held before the Commission on July 19, 1977, and by its Order dated August 15, 1977, the Commission found that the claim was barred by the applicable statute of limitations and therefore disallowed it. On August 23, 1977, an appeal from the Commission's decision was filed in the Superior Court of Baltimore City. The appeal was tried without a jury on January 18-19, 1979, and the Order of the Workmen's Compensation Commission was affirmed. It is from the superior court's decision that this appeal has been taken.

On appeal we are faced with one question: whether the appellant's claim for benefits was barred by the running of the two year statute of limitations contained in Maryland Code, Art. 101, § 39(a). Section 39(a) provides in pertinent part:

> "(a) *Accidental injury; report of physician; failure to file application as bar.* — When an employee is entitled to benefits under this article, he shall file with the Commission his application and the report of his physician, provided he was attended by a physician of his own selection, within sixty days after the date of his accidental injury, for which compensation is claimed, and failure to do so, unless excused by the Commission, either on the ground that the insurance carrier or the employer has not been prejudiced thereby, or for some other sufficient reason, shall be a bar to any claim under this article; provided, however, that failure of an employee to file a claim for compensation within two years from the date of the accident shall constitute a complete bar to any claim under this article."

The appellant contends that although she failed to file a claim within two years from the date of the accident, her claim is nonetheless timely under § 39(a). She argues that the appellee's failure to file a report of the accident causing disability pursuant to § 38(b)-(c) tolls the running of the two year statute of limitations. Section 38 (b)-(c) provides in pertinent part:

> "(b) *Report of accident by employer.* — Whenever an accident causing disability for a period of more than three days following the happening of such accident occurs to any employee, it shall be the duty of the employer within ten (10) days after the receipt of notice of *such accident,*[1] oral or written, to report such accident and injury resulting therefrom to the Commission. Such report shall state (1) the time, cause and nature of the accident and injuries, and the probable duration of the injury resulting therefrom; (2) whether the accident arose out of and in the course of the injured person's employment; (3) any other matters and rules and regulations as the Commission may prescribe.
>
> (c) *Effect of employer's failure to file report after having been given notice.* — Where the employer has been given notice, or the employer, or his designated representative in the place where the injury occurred, has knowledge of any injury or death of an employee, and the employer fails, neglects or refuses to file a report thereof, as required by the provisions of subsection (b) of this section, the limitations prescribed by this article shall not begin to run against the claimant or any person entitled to compensation until such report shall have been furnished as required by subsection (b) of this section." (Footnote added, emphasis added).

The record before us shows that the accident which caused

---

1. For reasons which will be clarified, *infra,* we interpret the phrase *such accident* to mean an accident which gives rise to disability for a period of more than three days.

the appellant's injury occurred on February 10, 1975. She immediately reported the accident to her supervisor thereby complying with § 38(a), which provides in pertinent part:

> "(a) *Notice.* — Notice, in writing or otherwise, of any injury for which compensation is payable under this article shall be given to the employer within ten days after the accident, . . ."

Thereafter the appellant was absent from work on the following dates: February 25-26, 1975; May 19-21, 26, 28-30, 1975; June 9-10, 1975; August 7-8, 15, 1975; she attributed this lost time to the injury sustained on February 10, 1975 and so notified the employer. As stated above the appellant filed a claim for benefits against the appellee with the Workmen's Compensation Commission on February 14, 1977. The appellee then filed its employer's report on April 18, 1977.

In finding that the appellee's filing of the employer's report on April 18, 1977 did not toll the two year statute of limitations contained in § 39(a), the trial court stated:

> "Article 101, Section 39(a), requires an employee to file a compensation claim within two years from the date of the accident and the failure to do so is a complete bar to the claim. However, Section 38(c) states that limitations shall not begin to run until the employer files the report of the accident required by sub-section (b) of Section 38. . . .
>
> * * *
>
> Sub-section (b) has several requisites. First, the employee must notify the employer of the accident. Sub-section (a) of Section 38 says that this notice must be given by the employee to the employer within ten days of the accident. Second, the employee must be disabled for at least four days.[2] Third, the employer must report the accident to the Commission within ten days of receiving notice of the accident from the employee. To be able to satisfy

---

2. The trial court stated that "the employee must be disabled for at least four days." We note, however, that the language of § 38(b) speaks in terms of a "disability for a period of more than three days . . . ."

*all* of these requirements, the employee must be disabled for four days prior to the end of the ten day period after the employee notified the employer of the accident. If construed otherwise, then the employer would not be able to comply with the statutory requirement that it filed [*sic*] a report with the Commission within ten days of being notified of the accident by the employee. If the claimant's contention is correct, then the employer would not be required to file the report to [*sic*] the Commission until ten days after May 28, 1975, which was the fourth day of the claimant's disability. But that period was almost four months after the claimant notified the employer of the accident. Such a construction would totally negate the statutory requirement that the employer's report be filed within ten days of the employee reporting the accident, which was February 20, 1975. The only interpretation that satisfies the entire language of sub-section (b) is that the employer must report the accident to the Commission only where the employee is disabled for at least four days prior to ten days after the employee reports the accident to the employer. If the claimant's contention is carried to its logical conclusion and if a claimant's fourth day of disability does not arise until one year after the accident, then the statute of limitations would be extended to three years and ten days instead of only two years. That clearly is not the intention of the legislature. Since the claimant was only disabled for two days prior to February 20, 1975, the employer was not required to file the sub-section (b) report. Therefore the two year statute of limitation did not stop running from the date of the accident." (Footnote added).

We disagree with the trial court's interpretation of the statutory provisions in question. In holding that "the employer must report the accident to the Commission *only*

where the employee is disabled for at least four days prior to ten days after the employee reports the accident to the employer," (emphasis added), the trial court misconstrued the underlying purpose of requiring an employer to file a report of an accident. Section 38(b) states in pertinent part:

> "Such report shall state (1) the time, cause and nature of the accident and injuries, and the probable duration of the injury resulting therefrom; (2) whether the accident arose out of and in the course of the injured person's employment; (3) any other matters and rules and regulations as the Commission may prescribe:"

It is clear that the purpose of this provision is to provide the Commission with any and all information relating to accidents for which claims for benefits may be made. Accordingly, we see no logic in a rule which would require such a report only where an employee is disabled for more than three days within ten days of notifying his or her employer of an accident and yet not require the same report if disability occurs after this ten day period has elapsed. To draw such a distinction is absurd because it works to deprive the Commission of information which clearly is considered to be important.[3]

On appeal both the appellant and the appellee cite *Douglas v. American Oil Co.,* 235 Md. 4, 200 A.2d 57 (1964) as supportive of their respective contentions. *Douglas,* like the instant case, raised the issue of whether a claim was barred by limitations; furthermore, the Court of Appeals was asked to interpret the same statutory provisions at issue in the instant case.[4] In *Douglas,* the Court adopted the holding of *Shiflett v. Bethlehem Steel Co.,* Baltimore County Circuit Court, filed February 11, 1963, recorded in the Daily Record

---

**3.** That the report is considered to be important is buttressed by the language of § 38(d) which provides:

> "(d) *Penalty.* — Any employer who shall fail to report any accident within the time prescribed in subsection (b) of this section shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than fifty dollars ($50.00)."

**4.** It should be noted that although §§ 38-39 have been amended since *Douglas,* the amendments have not altered those portions of §§ 38-39 now at issue.

of March 4, 1963. In *Shiflett,* the circuit court "reasoned that the legislature must have intended that the provisions of section 38(c) were to toll the statute when, and only when the employer had violated a duty imposed by section 38(b). [T]hat section requires the employer to file a report only when the accident caused disability for a period of more than three days following the accident." 235 Md. at 8, 200 A.2d at 59. This in turn eliminated the burden of reporting every accidental injury. We cannot, however, interpret *Douglas* as impliedly eliminating the duty of reporting accidental injuries where three days' loss from work occurs after the ten day period has elapsed. Accordingly, we hold that the appellee's failure to file the required employer's report until April 18, 1977 tolled the two year statute of limitations contained in § 39(a); as a result, the appellant's filing of her claim on February 14, 1977 was timely. We therefore reverse the judgment of the Superior Court of Baltimore City and remand to that court with direction to reverse the "Order" of the Workmen's Compensation Commission and remand for a new hearing on the merits.

In passing, we are cognizant that our holding in the instant case raises several questions. Our interpretation of the provisions at issue can be read as imposing the following duties: Section 38(a) requires the employee who has suffered a compensable injury to notify his or her employer of the accident giving rise to such within ten days of its occurrence. Section 38(b) requires that upon receiving notice that an employee has been disabled for more than three days following the happening of the accident, the employer has ten days to file a report with the Commission. Therefore, the provisions appear to mandate two separate notices: notice of the initial accident and notice of more than three days' disability. If interpreted otherwise we are faced with either of two unfavorable results. Either, the employer is forced to file a report each time an employee notifies it that an accident has occurred, a result that was clearly rejected in *Douglas;* or the employer is required to file a report only where an employee is disabled for more than three days within ten days of giving notice of the accident, a result which we have

rejected because it draws an absurd distinction, one which we do not believe the legislature intended. *State v. Fabritz,* 276 Md. 416, 348 A.2d 275 (1975), *cert. denied,* 425 U.S. 942 (1976).

Unfortunately, the following questions remain unanswered. If disability of more than three days occurs within the ten days of the employee's having given notice of the initial accident, is notice of the accident sufficient to place the employer on notice of the disability? If disability of more than three days occurs after ten days has elapsed, what constitutes notice of disability? Furthermore, if the employee has the burden of giving notice to the employer, how long does the employee have to give such notice? Finally, how is more than three days disability to be calculated? This question was impliedly raised in the instant case. The lower court found that the appellant's third and fourth days of disability did not occur until May 26 and May 28, 1975, respectively. On the other hand, using what we believe is the same method of calculation, *i.e.,* total days missed since the date of the accident, our calculations indicate that the third and fourth days of disability occurred on May 19 and May 20, 1975, respectively. This is not to say, however, that the statute does not contemplate that more than three consecutive days must be missed before the disability referred to in § 38(b) is said to have occurred.

As we have stated repeatedly, it is not our function to legislate; we therefore believe that these unresolved questions are best left to the legislature to answer.

> *Judgment of the Superior Court of Baltimore City reversed, case remanded to that court with direction to reverse the "order" of the Workmen's Compensation Commission and remand for a new hearing.*
> *Costs to be paid by appellees.*