288 Md. 526 (1980)
418 A.2d 1210
HOWARD COUNTY ASSOCIATION FOR RETARDED CITIZENS, INC. ET AL.
v.
RUTH WALLS
[No. 133, September Term, 1979.]
Court of Appeals of Maryland.
Decided September 11, 1980.
*527 The cause was argued before MURPHY, C.J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.
Joseph B. Harris for appellants.
Gerald A. Zimlin for appellee.
DAVIDSON, J., delivered the opinion of the Court.
This case presents a question of the applicability of the two-year limitation period established by § 39 (a) of Maryland's Workmen's Compensation Act, Md. Code (1957, 1979 Repl. Vol.), Art. 101, § 39 (a), for the filing of a workmen's compensation claim. The resolution of that question depends upon the circumstances under which § 38(a), § 38(b) and § 38(c) require an employer to file an accident report.
On 10 February 1975, the appellee, Ruth Walls (employee), sustained an accidental injury arising out of and in the course of her employment with the appellant, Howard County Association for Retarded Citizens, Inc. (employer). She immediately notified her employer of this accident. Subsequently, she notified her employer that as a result of her accident, she was unable to work on 25-26 February 1975, 19-21 May 1975, and on sporadic occasions thereafter.
On 14 February 1977, the employee filed a claim with the Workmen's Compensation Commission (Commission) against the employer and the appellant, Glen Falls Insurance Company (insurer). On 18 April 1977, the employer filed an accident report. On 15 August 1977, the Commission ordered the claim to be disallowed because it was barred by the two-year limitation period contained in Art. 101, § 39 (a).
*528 The employee appealed to the Superior Court of Baltimore City which affirmed the Commission's decision. She then appealed to the Court of Special Appeals which reversed the judgment of the Superior Court of Baltimore City. Walls v. Howard County Ass'n for Retarded Citizens, Inc., 44 Md. App. 168, 407 A.2d 778 (1979). The employer filed a petition for a writ of certiorari which we granted. We shall affirm the judgment of the Court of Special Appeals.
Article 101, § 39 (a) provides in pertinent part:
"When an employee is entitled to benefits under this article, he shall file with the Commission his application ... [The] failure of an employee to file a claim for compensation within two years from the date of the accident shall constitute a complete bar to any claim under this article." (Emphasis added.)
Section 38 (a) provides in pertinent part:
"Notice, in writing or otherwise, of any injury for which compensation is payable under this article shall be given to the employer within ten days after the accident."[1]
Section 38 (b) provides:
"Whenever an accident causing disability for a period of more than three days following the happening of such accident occurs to any employee, it shall be the duty of the employer within ten (10) days after the receipt of notice of such accident, oral or written, to report such accident and injury resulting therefrom to the Commission. Such report shall state (1) the time, cause and nature of the accident and injuries, and the probable duration of the injury resulting therefrom; (2) whether the accident arose out of and in the course of the injured *529 person's employment; (3) any other matters and rules and regulations as the Commission may prescribe." (Emphasis added.)
Section 38 (c) provides in pertinent part:
"Where the employer has been given notice, or the employer, or his designated representative in the place where the injury occurred, has knowledge of any injury or death of an employee, and the employer fails, neglects or refuses to file a report thereof, as required by the provisions of subsection (b) of this section, the limitations prescribed by this article shall not begin to run against the claimant or any person entitled to compensation until such report shall have been furnished as required by subsection (b) of this section." (Emphasis added.)
The employer contends that the employee's claim is barred by the two-year limitation period contained in § 39(a). The employer recognizes that § 38(a) requires an employee to notify the employer within 10 days of any accident causing a work loss of more than three days. The employer concedes that § 38(b) requires an employer to file an accident report whenever an employee's disability causes more than three days work loss within ten days of the accident. It further concedes that when, under these circumstances, an employer fails to file such a report, § 38 (c) makes the two-year limitation period contained in § 39 (a) inapplicable.
The employer asserts, however, that § 38 (b) does not require an employer to file an accident report when an employee's disability causes more than three days work loss to occur more than ten days after the accident. It further asserts that when, under these circumstances, an employer fails to file such a report, § 38(c) is inapplicable, and the two-year limitation period contained in § 39 (a) applies. The employer concludes that unless these sections are so construed, § 38 (b) would require an employer to file an accident report whenever it receives notice of an accident irrespective of whether the accident causes more than three days disability. We do not agree.
*530 The cardinal rule of statutory construction is to ascertain and effectuate the actual intent of the Legislature. The primary source from which to determine this intent is the language of the statute itself. In determining the meaning of statutory provisions, the statutes must be examined as a whole and the interrelationship or connection among all of its provisions considered. Statutes are to be construed reasonably and with reference to the purposes to be accomplished. Comptroller of the Treasury v. John C. Louis Co., 285 Md. 527, 538-39, 404 A.2d 1045, 1052-53 (1979).
More particularly, the Workmen's Compensation Act should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes. Any uncertainty in the law should be resolved in favor of the claimant. Wiley Mfg. Co. v. Wilson, 280 Md. 200, 217, 373 A.2d 613, 622 (1977); Bethlehem-Fairfield Shipyard, Inc. v. Rosenthal, 185 Md. 416, 425, 45 A.2d 79, 83 (1945); Art. 101, § 63.
Section 38 (a) does not require an employee to notify his employer of every injury or accident which occurs. That section requires an employee to notify his employer within 10 days only if an accident causes a work loss of more than three days. Section 38 (b) requires that "whenever" an accident causing a work loss of more than three days occurs, an employer is required to file an accident report within 10 days of receipt of notice. Section 38 (c) appears to require an employer to file a report, not only whenever he has notice of an accident causing a work loss of more than three days, but also whenever he has knowledge of the occurrence of such an accident. Finally, § 38 (c) provides that failure to file a required report results in suspension of the two-year limitation period contained in § 39 (a).
The fact that under § 38 (b) an employer's obligation to file a report arises "whenever" an accident causing more than three days work loss occurs indicates that its obligation to file a report is not limited to those occasions when it receives notice under § 38 (a) of an accident that causes such a work loss within 10 days after the accident occurs. Moreover, the fact that § 38 (c) requires the employer to file *531 a report even in the absence of notice of any kind indicates that it is obligated to file a report not only when it obtains notice under § 38 (a) of an accident that causes more than three days work loss within 10 days after the accident occurs, but also whenever it obtains notice or knowledge of an accident that causes more than three days work loss more than 10 days after the accident occurs.
Thus, the statutory scheme that evolves from an examination of the interrelationship among § 38 (a), § 38 (b), § 38 (c) and § 39 (a) shows that the Legislature intended to require an employer to file a report whenever it obtains notice or knowledge of an accident that causes a work loss of more than three days and to suspend the two-year limitation period contained in § 39 (a) when an employer fails to file such a report. Such an interpretation is reasonable because it does not require an employer to file a report for any accident or injury of which it obtains notice but rather requires an employer to file such a report only when it obtains notice or knowledge of an accident that causes a work loss of more than three days. See Douglas v. American Oil Co., 235 Md. 4, 8, 200 A.2d 57, 59 (1964). In addition, such an interpretation is consonant with the purpose of § 38 (b) which is to assure that the Commission receives information that the Legislature deems to be relevant and necessary. Finally such an interpretation is consonant with the overall purpose of the Act which is to protect workers and their families from hardships inflicted by work-related injuries by providing workers with compensation for loss of earning capacity resulting from accidental injury arising out of and in the course of employment. Queen v. Agger, 287 Md. 342, 343, 412 A.2d 733, 733-34 (1980); Liggett & Meyers Tobacco Co. v. Goslin, 163 Md. 74, 80, 160 A. 804, 807 (1932); Solvuca v. Ryan & Reilly Co., 131 Md. 265, 268, 101 A. 710, 711, (1917).
Accordingly, we now hold that under § 38 an employer is required to file an accident report whenever it obtains notice or knowledge of an accident that causes more than three days work loss. This report must be filed whether the work loss occurs within 10 days of the accident or more than 10 *532 days after the accident. We further hold that when an employer fails to file an accident report as required by § 38, the two-year limitation period contained in § 39 (a) that governs the filing of a workmen's compensation claim is inapplicable.
Here the record shows that the employee was injured on 10 February 1975. By 20 May 1975 she had notified her employer that her accident had caused more than three days work loss. The employer was required to file an accident report within 10 days of the receipt of that notice. No such report was filed.
The employee filed a claim for compensation on 14 February 1977 more than two years after the date of the accident. The employer filed an accident report on 18 April 1977. Because of the employer's previous failure to file a required accident report, the two-year limitation period was inapplicable to the employer's claim. Thus, the employee's claim was not barred. Accordingly, we shall affirm the judgment of the Court of Special Appeals.
Judgment of the Court of Special Appeals affirmed.
Costs to be paid by appellants.
NOTES
[1] With respect to when compensation is payable, § 48 provides in pertinent part:

"No compensation shall be allowed for three calendar days after the beginning of disability."