STATE OF NORTH CAROLINA v. WAYLAND L. WHITE, JR.

No. 811SC330

(Filed 3 November 1981)

Constitutional Law § 30— failure of officer to retain evidence—no violation of due process

    In a prosecution for the felonious larceny of six hogs, the failure of the police officer to retain the hogs in order that defendant be allowed to examine the *corpus delicti* did not act to deny defendant his due process right to investigate the evidence and to confront his accusers where the officer released the hogs in good faith, where there was no evidence or allegations that the officer was attempting to suppress evidence, where evidence resulting from the retention of the hogs was speculative, and where defendant was able to cross-examine witness identifying the hogs. G.S. 15A-954(a)(4) and G.S. 15A-1414.

APPEAL by defendant from *Britt, Judge.* Judgment entered 2 December 1980 in Superior Court, GATES County. Heard in the Court of Appeals 22 September 1981.

The defendant was indicted for the felonious larceny of six hogs, having a total value of over $600. At his trial, the State presented evidence tending to show that, on 9 November 1980, Shelton Ray Stallings, a farmer in Hobbsville, received a phone call which prompted him to go to his hog house where he discovered that six hogs, worth approximately $660, were miss-

ing. Tire tracks indicated that someone had backed a vehicle up to the hog house from which the hogs had been taken.

Meanwhile, in the nearby town of Aulander, in the early hours of 10 November 1980, an Aulander police officer observed a pickup truck driven by defendant and containing six hogs. Defendant was parked on the traveled portion of the highway, and, as the officer walked toward the truck, defendant started the truck and drove a short distance. After he stopped, defendant beckoned the officer and asked for a light. The officer, observing that defendant was intoxicated, gave him a field sobriety test and placed him under arrest. Immediately after the arrest, the officer seized a set of bolt cutters from defendant's vehicle. He thereafter contacted other law enforcement agencies to determine whether anyone had reported missing hogs. In response to that effort, Stallings came to Aulander and identified the hogs as his. After photographing the hogs, the police officer allowed Stallings to take them back to his farm. The hogs were later disposed of.

The State's evidence tended to incriminate defendant in three ways. First, the farmer identified as his the hogs found in defendant's truck. Secondly, an SBI agent testified that metal particles found at the farmer's gate fitted microscopically and visually the set of bolt cutters found in defendant's truck. Finally, two witnesses testified that, in their opinion, the tire tracks imprinted at the hog house were made by the tires on defendant's truck.

The defendant presented no evidence. The jury returned a verdict of guilty, and, from the imposition of a prison term of not less than ten years nor more than ten years, the defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Robert L. Hillman, for the State.*

*Taylor and McLean, by Mitchell S. McLean, for defendant-appellant.*

VAUGHN, Judge.

The defendant's sole assignment of error pertains to the trial court's denials of defendant's pretrial motion to dismiss and his post-verdict motion for appropriate relief. The motions to which

defendant refers were based on his inability to observe and test the *corpus delicti* of the alleged larceny, to wit, the six hogs.

Under G.S. 15A-954(a)(4), the trial court, on motion of the defendant, must dismiss the charges contained in a criminal pleading if the court determines that "[t]he defendant's constitutional rights have been flagrantly violated and there is such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution." G.S. § 15A-1414 allows the defendant to file a post-verdict motion seeking relief from the court's erroneous failure to dismiss the charge in response to defendant's G.S. 15A-954 motion. The question in the instant case, therefore, is whether there were flagrant violations of defendant's constitutional rights which caused such irreparable prejudice to the preparation of his case that there was no remedy other than the dismissal of the prosecution.

The crux of defendant's argument is that he should have been allowed to examine the *corpus delicti* of the alleged larceny. He contends that visual examination may have led to the discovery that the hogs on defendant's truck were of a different breed from those found in the pen from which the hogs were allegedly taken, that a digestive or urinary analysis may have shown recent dietary intake different from that of the hogs remaining in the pen; and that blood grouping tests may have been used to distinguish the hogs.

This Court accepts the principle advocated by the defendant and well-established in our courts that due process requires that every criminal defendant be allowed a reasonable time and opportunity to investigate competent evidence, if he can, in order to defend the crime with which he is charged and to confront his accusers with other testimony. *State v. Baldwin,* 276 N.C. 690, 174 S.E. 2d 526 (1970). This principle, however, does not require police officers to retain items when the probative value of laboratory examinations of such items is speculative. *State v. Noell,* 284 N.C. 670, 202 S.E. 2d 750 (1974), death sentence vacated, 428 U.S. 902, 96 S.Ct. 3203, 49 L.Ed. 2d 1205 (1976).

In the present case, we find that the failure of the police officer to retain the hogs for the testing defendant proposed did not act to deny defendant his due process right to investigate the evidence and to confront his accusers. Photographs were taken of

the hogs and introduced at trial. Defendant was able to cross examine the owner concerning his identification of the hogs and was free to use the photographs to attempt to impeach the witness. The tests he proposed, on the other hand, were highly speculative in nature. Where, as here, the officer released the hogs in good faith, where there was no evidence or allegation that the officer was attempting to suppress evidence, where evidence resulting from the retention of the hogs was so speculative, and where defendant was able to cross-examine the witness identifying the hogs, we can find no violation of defendant's due process rights.

The motions to dismiss were properly denied, and we find that defendant's trial contained

No error.

Judges ARNOLD and WEBB concur.