RICHARD ASATO, Claimant-Appellant, *v.* MEADOW GOLD DAIRIES-HAWAII, Employer/Self-Insured-Appellee, and SPECIAL COMPENSATION FUND, Appellee

NO. 10104

CASE NO. AB 82-458 (2-82-08144)

AND

HIDEO NOBUJI, Claimant-Appellant, *v.* SCHUMAN CARRIAGE COMPANY, Employer-Appellee, and ARGONAUT INSURANCE COMPANY, Ins. Carrier-Appellee

NO. 10105

CASE NO. AB 82-340 (2-82-07795)

AND

WILLIAM YAMAMOTO, Claimant-Appellant, *v.* SCHUMAN CARRIAGE COMPANY, Employer-Appellee, and TRAVELERS INSURANCE COMPANY, Ins. Carrier-Appellee, and SPECIAL COMPENSATION FUND, Appellee

NO. 10106

CASE NO. AB 83-35 (2-82-08144)

AUGUST 22, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* The workmen's compensation claims of Richard Asato, Hideo Nobuji, and William Yamamoto (claimants-appellants) were· consolidated for argument on appeal to determine whether the Industrial Relations Appeals Board (Appeals Board) properly denied their claims as barred by the statute of limitations under Hawaii Revised Statutes (HRS) § 386-82.[1] In affirming the decision of the Appeals Board, we hold that the statute of limitations was not tolled for any of the reasons asserted by the claimants-appellants.

I.

Claimants-appellants Asato, Nobuji and Yamamoto filed claims for workmen's compensation more than ten years after the occurrence of their alleged work-related injuries. Their individual employers denied having had notice that the injuries or illnesses were work-related, and raised the statute of limitations as a defense. The Appeals Board held that claimants-appellants Asato's and Nobuji's claims were barred by the two-year statute of limitations, and that claimant-appellant Yamamoto's claim was barred by the five-year statute of limitations under HRS § 386-82.

---

[1]The pertinent paragraph of HRS § 386-82 states as follows:

The right to compensation under this chapter shall be barred unless a written claim therefor is made to the director of labor and industrial relations (1) within 2 years after the date at which the effects of the injury for which the employee is entitled to compensation have been manifest, and (2) within five years after the date of the accident or occurrence which caused the injury.

## A.

Claimant-appellant Asato was employed by Meadow Gold Dairies as a route supervisor. One of Asato's duties was to take inventory in freezers for a few hours at a time. On January 19, 1971, Asato was admitted to Queen's Medical Center for viral pneumonitis. Asato was later diagnosed as having pneumonia and aterial fibrillation of unknown origin. Thereafter, Asato experienced recurring problems and was never able to return to work. Asato applied for long term disability benefits, but claims he was not aware that he could receive workmen's compensation. At no time did Asato tell his employers that he felt his heart problems and pneumonia were work-related. Asato applied for worker's compensation benefits in March 1982, after a friend advised him to consult an attorney.

## B.

Claimant-appellant Nobuji was employed by Schuman Carriage Company as a body and fender mechanic. On March 28, 1967, Nobuji suffered chest pains at work and was hospitalized. In July or August of 1967, he returned to work, and continued to work until his retirement in May 1976. On March 22, 1978, Nobuji suffered a second heart attack. Nobuji died on June 10, 1982. At no time did Nobuji indicate to his employer that he believed his heart condition was work-related. In fact, his supervisor could not recall being told of Nobuji's chest pains back in 1967. It was not until friends urged him to file a claim for worker's compensation that he did so on March 11, 1982.

## C.

Claimant-appellant Yamamoto's alleged claim arises from an industrial accident on January 21, 1972, approximately ten and a half years prior to his filing a claim for workmen's compensation benefits in 1982. From the time of the alleged incident (chest pains) in 1972 to 1982, none of Yamamoto's doctors told him that his heart attack was caused or aggravated by his work as a mechanic with Schuman Carriage Company. It was in 1982 that a fellow employee first advised Yamamoto that his heart attack might be compensable under the workers' compensation law.

## II.

On appeal, claimants-appellants contend that the statute of limitations under HRS § 386-82 was tolled because the employers failed to file WC-1 forms as required by HRS § 386-95.[2] Claimants-appellants further contend that the statute of limitations does not bar the claims because there was no finding by the Board that the employers were prejudiced, as required by HRS § 386-83(b)[3], and that there is a statutory presumption of proper notice and compensability under HRS 386-85.[4] Finally, claimants-appellants contend that lack of knowledge or prejudice to the employer by the untimely claim is a condition precedent to asserting the statute of limitations.

---

[2]The pertinent paragraphs of HRS § 386-95 state as follows:

Every employer shall keep a record of all injuries, fatal or otherwise, received by his employees in the course of their employment, when known to him or brought to his attention.

Within seven working days after the employer has knowledge of such injury causing absence from work for one day or more or requiring medical treatment beyond ordinary first aid, he shall make a report thereon to the director of labor and industrial relations. The report shall set forth the name, address, and nature of the employer's business and the name, age, sex, wages, and occupation of the injured employee and shall state the date and hour of the accident, if the injury is produced thereby, and the nature and cause of the injury and such other information as the director may require.

. . . .

Any employer who wilfully refuses or neglects to make any of the reports or give any notice required by this section shall be fined not more than $100, or imprisoned not more than ninety days, or both.

[3]HRS § 386-83(b) states:

Unless the employer is prejudiced thereby, failure to make a claim within the time prescribed in section 386-82 shall not bar a claim to compensation if objection to such failure is not raised at the first hearing on the claim of which the employer is given reasonable notice and opportunity to be heard.

[4]HRS § 386-85 states:

In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary:

(1) That the claim is for a covered work injury;

(2) That sufficient notice of such injury has been given;

(3) That the injury was not caused by the intoxication of the injured employee; and

(4) That the injury was not caused by the wilful intention of the injured employee to injure himself or another.

A.

Claimants-appellants argue that the employers' failure to file reports of the injuries tolled the statute of limitations. HRS § 386-95 requires employers to file a WC-1 report of employees' injuries incurred in the course of employment within seven working days after the employer has knowledge of the injury. Failure to do so subjects the employer to a $100 fine and 90 days imprisonment. However, the statute does not state that failure to file the report tolls the statute of limitations set out in HRS § 386-82. There is nothing in any of the statutes to that effect.

Majority of the jurisdictions with similar statutes have held that the penalty against an employer for failure to file a report of the employee's injury is not a tolling of the statute of limitations or a bar to asserting the statute as a defense. *Polythress v. J. P. Stevens and Co.,* 54 N.C. App. 451, 283 S.E.2d 573 (1981); *Oklahoma Cotton Loop Association Compress v. Thomas,* 560 P.2d 562 (Okla. 1977); *Swafford v. School,* 359 P.2d 584 (Okla. 1961). Where courts have held that the employer's failure to file a report of injury does toll the statute of limitations, the statute clearly provided for the tolling of the statute. *Commercial Insurance Co. of Newark, N.J. v. Smith,* 596 S.W.2d 661 (Tex. Civ. App. 1980); *Walls v. Howard County Association for Retarded Citizens,* 44 Md. App. 168, 407 A.2d 778 (1979); *Meads v. General Motors Corp.,* 402 Mich. 540, 266 N.W.2d 146 (1978).

We hold that the employers' failure to file a WC-1 form under HRS § 386-95 does not toll the statute of limitations.

B.

Claimants-appellants argue that HRS § 386-83(b) precludes operation of the statute absent a showing of prejudice. HRS § 386-83(b) states that absent a showing of prejudice, HRS § 386-82 will not bar an untimely claim for compensation *if objection to the timeliness of the claim is not raised at the first hearing.* The record is clear that in each case the employer raised the statute of limitations objection at the initial hearing.

HRS § 386-83(b) is applicable only when the employer has failed to raise the statute of limitations defense at the first hearing. Here the employers were not required to show prejudice in order to invoke the defense of the statute of limitations under HRS § 386-83(b).

116

### C.

Claimants-appellants' assertion that lack of knowledge of the injury or prejudice to the employer is a condition precedent to the defense of the statute of limitations is without merit. The failure to file a claim for compensation is not excused by an argument that the employer was not harmed by the lateness of the filing. 3 A. Larson, *Workmen's Compensation Law* § 78.20 at 15-83 (1983).

### D.

Claimants-appellants' contention that the presumption of proper notice and compensability somehow excuses late filing under HRS § 386-85 is without merit.

Affirmed.

*Roy M. Miyamoto* for Claimants-Appellants.

*Roland Q. F. Thom* and *Muriel M. Taira* on the briefs for Employers-Appellees.

*Robyn Kuwabe* and *Grant Tanimoto* on the briefs for Appellee.