549 A.2d 766

MONTGOMERY COUNTY, Maryland, et al.

v.

James W. McDONALD, Jr.

No. 190, Sept. Term, 1988.

Court of Special Appeals of Maryland.

Nov. 7, 1988.

Alfred J. Dirska (Dirska & Levin, on the brief), Columbia, for appellants.

Thomas L. Heeney (Heeney, Armstrong & Heeney, on the brief), Rockville, for appellee.

Argued before GILBERT, C.J., and BISHOP and GARRITY, JJ.

GILBERT, Chief Judge.

The Workers' Compensation Act, Md.Ann.Code art. 101, provides in § 26(b) that "[w]henever a disability from an occupational disease occurs to any employee it shall be the duty of the employer ... to *at once* report such disability to the Commission...." (Emphasis supplied.) The Act, however, neither defines the phrase "at once" nor does it expressly provide sanctions against the employer for failure to comply with its clarion command.

In the matter *sub judice* we shall explore the meaning of the phrase "at once" and determine what, if any, sanctions are to be imposed against an employer who fails to carry out the statutorily imposed duty.

From the statement of facts, we learn that on August 23 and September 5 of 1984, James W. McDonald filed workers' compensation claims against his employer, the Montgomery County Police Department, and its insurer, Hartford Accident & Indemnity Company. In the first claim, McDonald asserted that on August 5, 1977 he sustained an occupational disease, a heart attack, which arose out of and in the course of his employment with the police department. The subsequent claim arose from a heart attack that occurred on August 1, 1984. McDonald averred that it, too, was the result of an occupational disease.

Both cases were heard before the Commission, which found that McDonald had indeed sustained an occupational disease as a result of the heart attack on August 5, 1977. Notwithstanding that finding, the Commission decided that the first claim was barred by the statute of limitations, and that the employer's failure to file an Employer's First Report of Injury "at once" did not extend the time for filing the employee's claim. Additionally, the Commission held that McDonald's second claim was causally related to the first and thus was also barred by limitations. Dissatisfied by the Commission's decision, McDonald sought redress in the Circuit Court for Montgomery County, where Judge Irma Raker reversed the Commission. Montgomery County, aggrieved by Judge Raker's order, has prosecuted this appeal.

The single issue presented is whether the trial court erred in concluding that McDonald's claim was not barred by the statute of limitations because of Montgomery County's neglect to adhere to the hest of Md.Ann.Code art. 101, § 26(b) and "at once" file a disability report with the Commission.

## THE FACTS

McDonald contends that despite his failure to file a claim within two years from the date he suffered an occupational disease his claims are nonetheless timely. He argues that the statutory two year period of limitations was tolled by the County's failure to report "at once" to the Commission that he had sustained a disability from an occupational disease. Md.Ann.Code art. 101, § 26(b). That section provides, in pertinent part:

*"Whenever a disability from an occupational disease occurs to any employee it shall be the duty of the employer promptly upon obtaining knowledge or notice thereof, to at once report such disability to the Commission....* Such report shall state (1) the time, cause and nature of the disability, and the probable duration; (2) whether the disability from an occupational

disease arose out of and in the course of the injured person's employment; (3) any other matters the rules and regulations of the Commission may prescribe." (Emphasis supplied.)

■ McDonald acknowledges that, even though § 26(b) requires the employer "to at once report" to the Commission any disability incurred by an employee from an occupational disease, the statute is silent as what, if any, sanctions are to be invoked in the event the employer fails to comply. He argues that the tolling provision of Md.Ann.Code art. 101, § 38(c) applies. Under the provisions of § 38(c), limitations will not begin to run against a claimant if an employer fails to report an accident causing disability once he has obtained notice of the injury. McDonald reasons that the estoppel feature of § 38(c) is applicable to § 26(b). Although we disagree with McDonald's application of the § 38(c) feature to § 26(b), we, nevertheless, concur with his "bottom line" conclusion that, when an employer violates the notice provision of § 26(b), the statute of limitations is tolled.

## THE LAW

■ The Legislature in 1939 passed House Bill 484, which added ten sections to article 101 of the Annotated Code of Maryland. 1939 Md.Laws, ch. 465. One of those, § 32F, is presently codified as § 26(b). Forty-nine years after the original enactment of § 32F, the Governor's Study Commission on Workmen's Compensation Coverage [1] identified the exact problem with § 26(b) that now faces this Court. *See* Report of the Governor's Study Commission on Workmen's Compensation Coverage (1980). The Study Commission suggested that the Legislature enact an amendment to § 26(b), which would have provided:

---

1. Governor's Study Commission on Workmen's Compensation Coverage, 1980 Legislative Session, State of Maryland. Harry Hughes, Governor; Thomas E. Cinnamond, Chairman; Maurice J. Pressman, Vice Chairman.

"Limitations should not begin to run against a claimant or his representative who has given notice to his employer until the employer has submitted a report of the employee's death or disability due to an occupational disease to the Workmen's Compensation Commission."

That same year the Study Commission's suggestion was incorporated into Senate Bill 973 and assigned to that body's Economic Affairs Committee. The bill, however, to use the vernacular, "died in committee."

Faced with an enigma the Legislature has failed to solve, we must interpret what sanctions, if any, that august body intended to impose upon an employer who fails to comply with the notice requirement of § 26(b).

We look, in construing legislation, at the carefully crafted guidelines that have become anchored in the case law. A fundamental precept of those guidelines requires us to construe statutes reasonably and with reference to the legislative purpose sought to be accomplished. *Comptroller v. John C. Louis Co.*, 285 Md. 527, 538–39, 404 A.2d 1045 (1979). Because it is unquestionably social legislation, the Workers' Compensation Act is liberally construed so that its beneficial protection of injured workers may be achieved. *Bayshore Industries v. Ziats*, 232 Md. 167, 173–74, 192 A.2d 487 (1963); *W.C. & A.N. Miller Dev. Co. v. Honaker*, 40 Md.App. 185, 189, 388 A.2d 562 (1978); R. Gilbert & R. Humphreys, Jr., *Maryland Workers' Compensation Handbook* § 2.2–1 (1988). "Any uncertainty in the law should be resolved in favor of the claimant." *Howard Co. Ass'n Retard. Cit. v. Walls*, 288 Md. 526, 530, 418 A.2d 1210 (1980).

To determine what sanctions, if any, the Legislature intended when it enacted § 26(b), we turn for guidance to the words of similar provisions. Md.Ann.Code art. 101, § 38 provides, in pertinent part:

"(b) ... Whenever an accident causing disability for a period of more than three days following the happening of such accident occurs to any employee, it shall be the

duty of the employer within ten (10) days after the receipt of notice of such accident, oral or written, to report such accident and injury resulting therefrom to the Commission. Such report shall state (1) the time, cause and nature of the accident and injuries, and the probable duration of the injury resulting therefrom; (2) whether the accident arose out of and in the course of the injured person's employment; (3) any other matters and rules and regulations as the Commission may prescribe.

(c) ... Where the employer has been given notice ... and the employer fails, neglects or refuses to file a report thereof, as required by the provisions of subsection (b) of this section, the limitations prescribed by this article shall not begin to run against the claimant...."

The Longshoreman's and Harbor Workers' Compensation Act, 33 U.S.C. § 930 declares that:

"(a) ... Within ten days from the date of any injury ... or death or from the date that the employer has knowledge of a disease or infection in respect of such injury, the employer shall send to the Secretary a report setting forth ...

. . . . .

(f) ... Where the employer or the carrier has been given notice, or the employer ... or the carrier has knowledge, of any injury or death of an employee and fails, neglects or refuses to file report thereof as required by the provisions of subsection (a) of this section, the limitations in subsection (a) of section 912 of this title shall not begin to run against the claim of the injured employee or his dependents...."

Both Md.Ann.Code art. 101, § 38(b) and 33 U.S.C. § 930(a) allow an employer ten days leeway in which to report an injury that has occurred to an employee. Each of those sections also provides that limitations shall not run against a claimant when the employer neglects to perform the statutory duty. In contrast, Md.Ann.Code art. 101, § 26(b) is stricter in terms of the reporting time allotted to

an employer. Instead of the ten day period afforded the employer in Md.Ann.Code art. 101, § 38(b) and 33 U.S.C. § 930(a), § 26(b) emphatically adjures that an employer shall "at once report" to the Commission a disability from an occupational disease occurring to any employee.

The somewhat commonplace expression "at once" is defined by Webster's *Third New International Dictionary of the English Language Unabridged* (1976) to mean: "1a: at the same time: simultaneously <the two events happened at once> b: immediately <don't delay; do your work at once> 2: in one and the same way, manner, degree or condition...." We infer that, when it embodied that ukase within the statute, the Legislature intended that a penalty be imposed in the event an employer failed to comply.

We believe it irrational to interpret the legislative wil being otherwise because the words "to at once reporc" would be no more than a mere precatory utterance, wishful thinking, and devoid of substance. Nevertheless, we recognize that an argument may be made that the Legislature's declination to provide sanctions in the statute indicates an intent that no penalty applies. Were we to subscribe to that reasoning, we would undermine the entire philosophical concept and benevolent purpose of the Act.

The Court of Appeals and this Court have consistently said that the purpose of the Workers' Compensation Act is to promote the general welfare of the State and to prevent the citizens of the State from having to provide support and medical care for employees who are injured or who sustain an occupational disease arising out of employment. *Paul v. Glidden Co.*, 184 Md. 114, 119, 39 A.2d 544 (1944); *Kern v. South Baltimore Gen. Hosp.*, 66 Md.App. 441, 451, 504 A.2d 1154 (1986). One of the purposes of the Act is to shift to the employer the cost of caring for the injured or diseased employee and to remove that burden from the back of the taxpayer.

Indeed, the result we reach is totally consistent with the legislative purpose of requiring the employer to report "at

once" to the Commission, and that is so the Commission may observe the industrial conduct, be alert to emerging patterns of diseases, and otherwise receive from the employer all necessary relevant information concerning the cause and occurrence of the disease.

Considering the benevolent social purpose of the Workers' Compensation Act and the sanctions afforded in similar notice provisions of the Act, we conclude that § 26(b) means that limitations do not begin to run against a claimant if the employer disobeys the fiat of § 26(b) and fails "to at once report" to the Commission a disability to an employee arising from an occupational disease.

We hold, therefore, that limitations had not, in the instant case, run as against McDonald, and that Judge Raker properly so concluded.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.