WALTER J. CRISMER & SON, INC., ET AL. *v.* SEAL

[No. 420, September Term, 1969.]

*Decided June 5, 1970.*

The cause was argued before HAMMOND, C. J., and MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Philip T. McCusker,* with whom were *Piper & Marbury* on the brief, for appellants.

Submitted on brief by *M. Jacqueline McCurdy* for appellee.

SMITH, J., delivered the opinion of the Court.

This case presents the question of whether certain facts are sufficient to estop an employer from raising the defense of limitations to a late claim for workmen's compensation. The Workmen's Compensation Commission (the Commission) and the trial judge each held the facts did constitute estoppel. We shall reverse that finding.

Code (1964 Repl. Vol.), Art. 101, § 39 (a) requires the filing of claims by employees with the Commission within sixty days after the date of the accidental injury for which compensation is claimed with the further provision "that failure of an employee to file a claim for compensation within two years from the date of the accident shall constitute a complete bar to any claim under [that] article." The employer here relies upon the failure to file within two years.

Claimant seeks to get within the exception provided in § 39 (c) which states:

> "When it shall be established that failure to file claim by an injured employee * * * was induced or occasioned by * * * facts and circumstances amounting to an estoppel, claim shall be filed * * * within one year from the time when the facts and circumstances amounting to an estoppel cease to operate and not afterwards."

The appellee, James F. Seal, Jr., (the claimant) was injured on April 12, 1965. He reported the injury to his employer who sent him to the company physician for treatment. A report was duly filed by the employer with the Commission. Treatment by the company physician and two specialists apparently continued up to November 12, 1968, the date of hearing before the Commission. The claimant's bills have all been paid by the employer or its insurer. Claim was not filed until September 27, 1968.

The claimant relies as a basis for estoppel upon the medical attention provided by the employer and insurer and "the fact that the employer or insurer gave no notice to employees of their rights and liabilities under Article 101" with specific reference to the fact that there was "no posted notice of the limitations on filing a claim".

On the issue of estoppel the Commission held:

> "The Commission * * * finds that the employer and insurer have furnished continuous medical treatment unto the claimant since the time of the accidental injury; and that the employer and insurer are estopped from raising the issue of limitations."

The trial judge affirmed the Commission's action upon the authority of *Bayshore Industries v. Ziats*, 232 Md. 167, 192 A. 2d 487 (1963). In that case the estoppel was based upon a direct threat by the employer to bar the employee from future employment if he filed a claim. No such factor is involved here. Therefore, the case is not applicable.

The matter of medical treatment was covered in *Grif-*

*fin v. Rustless Iron & Steel Co.,* 187 Md. 524, 51 A. 2d 280 (1947). Chief Judge Marbury said for the Court:

> "The mere fact that appellant was being treated by a physician paid by the appellee would not estop the latter from imposing the defense of limitations to a late claim. The sole basis for estoppel, therefore, are the two conversations appellant had with the plant engineer." *Id.* at 529-30.

The Court then went on to hold that the statement of the plant safety engineer, "We are going to look after you," was not sufficient to constitute an estoppel since he had no power to bind the employer.

The fact that a part of the expenses might have been paid by the insurance company on behalf of the employer does not change the situation any more than in *Bayshore Industries v. Ziats, supra,* where the compensation carrier, the real party in interest on the employer's side of the controversy, was held bound by the employer's conduct with reference to estoppel.

The current situation is readily distinguishable from *Harrison v. McCarty,* 178 Md. 377, 13 A. 2d 544 (1940), where an injured employee was taken by his employer to a physician's office, forms were filled out, the employer told the employee "everything was fixed up as far as his part was concerned", when taken to the hospital the employee was told "to carry out the doctor's orders", and the doctor testified that he told the employee that it would take at least a year before a determination of the extent of the permanent disability could be made. Judge (later Chief Judge) Sloan there said for the Court:

> "He thought from the day after his accident that his claim had been filed, and inferred from Dr. Hammond's remark that it would probably be a year before he could know the extent of his injury. His employer told him to do what Dr. Hammond told him, and in the year he went to

his physician for an examination, and then, on consulting an attorney, learned, to his surprise, that he had no claim pending. It appears to this court that, under these circumstances, the employer is estopped to raise the issue of limitations and this estoppel will be imputed to the insurer, which appears here resisting this claim." *Id.* at 380-81.

Contrary to the argument presented in the claimant's brief, there is no provision of Article 101 requiring the posting of a notice to employees relative to limitations on the filing of claims. What the claimant refers to undoubtedly is Rule 1 of the Commission which provides:

"All placards, notices, etc., prepared and sent out by the Commission for the purpose of giving instructions or conveying information to persons interested in, or entitled to benefits under the provisions of this Article, shall be kept conspicuously posted on or about the respective plants or works controlled or operated by the employer to whom the same are sent."

The Commission's notice advises employees that claims must be filed within 60 days as specified in § 39. The only testimony in this case is that of the claimant who said there were no posters, although he indicated a certain familiarity with procedure, stating, "Well, I know what I'm supposed to do because I take care of most of the men injured on the job." He then spoke of filing a report in the company office. One may not glean from that statement that he necessarily knew of the limitations for filing a claim with the commission.

Whatever responsibility the employer may have to the Commission for failure to post its notice, that failure falls far short of amounting to a basis for estopping the employer from pleading the limitation imposed by § 39.

The claimant having failed to adduce legally sufficient evidence to establish that his failure to file his claim

within the time specified in § 39 (a) was induced or occasioned by facts and circumstances amounting to an estoppel, the trial judge should have entered an order reversing the action of the Commission.

> *Order reversed and case remanded for passage of an order in conformity with this opinion; appellee to pay the costs.*