# RONALD W. DINTAMAN *v.* BOARD OF COUNTY COMMISSIONERS OF PRINCE GEORGE'S COUNTY

[No. 415, September Term, 1972.]

*Decided March 30, 1973.*

The cause was argued before ORTH, C. J., and POWERS and DAVIDSON, JJ.

*Joseph F. McBride,* with whom were *Robert S. Hoyert, Robert A. Diemer, Bill L. Yoho, Roy W. Hooten* and *Hoyert, Diemer, Yoho, Hooten & McBride* on the brief, for appellant.

*R. Roger Drechsler,* with whom were *Lord, Whip, Coughlan & Green* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Ronald W. Dintaman, employed as a firefighter by Prince George's County, Maryland, filed, on 8 November 1971, a claim with the Workmen's Compensation Commission of Maryland asking compensation for an injury which he alleged he sustained in the course of his employment on 29 January 1969.

The Commission first held a separate hearing on the issue of whether the claim was barred by the provisions of Code, Art. 101, § 39 (a), which provides, "* * * that failure of an employee to file a claim for compensation within two years from the date of the accident shall constitute a complete bar to any claim under this article." At the hearing, Dintaman's position was that he did not realize at the time of the accident that he had been injured, that his injury was latent, and that he did not become aware of it until September of 1971, when he became disabled, some two years and eight months after the injury to which he attributed his disability.

The Commission filed an order on 20 April 1972 disallowing the claim. An Order for Appeal and an Appeal Petition were filed in the Circuit Court for Prince George's County alleging that the limitations did not begin to run until the employee knew, or should have

known, of the injury, and that the Commission misconstrued the law and the facts applicable to the case.

The self-insured employer filed a Motion for Summary Judgment, to which Dintaman filed opposition. The motion was argued before Judge Bowie on 29 June 1972 and summary judgment in favor of the self-insured employer was granted. Judgment nisi was entered on that date and final judgment was entered on 6 July 1972. On 21 July 1972 Dintaman filed a Motion for Rehearing, in which he asserted that the court had improperly interpreted the law as it applied to the facts of this case, and if such interpretation of the statute were proper, then the statute barring his claim was an unconstitutional denial of his right to due process and equal protection of the laws. The employer and self-insurer filed an answer merely denying the contentions of the petition.

By a written memorandum and order filed on 2 August 1972, Judge Bowie said, "The Court now has studied the Motion for Rehearing and the Answer thereto, and feels the matters set forth therein do not justify a rehearing." The motion was denied without a hearing. Dintaman appealed to this Court from the judgment of the Circuit Court and from the denial of his Motion for Rehearing.

Appellant cites cases decided prior to a 1957 amendment to the statute, which held under the law as it then existed that the period of limitations did not begin to run until there was disability which was apparent to the claimant. Among these are *Griffin v. Rustless Iron & Steel Co.*, 187 Md. 524, where the Court of Appeals said, at page 540:

> "There are some jurisdictions in which the limitations statute begins to run after the 'accident' as compared with 'injury' or 'disability' in others.

* * *

We think, however, that the wording of the Maryland statute indicates that the period of limitation begins to run from the time when disability becomes, or should become, reasonably apparent."

and *Cumberland Sales v. Hilliker,* 210 Md. 70, in which the Court of Appeals said, at page 74:

" 'Disability', within the meaning of the statute, is not synonymous with 'accident', but usually the right to compensation arises when the accident occurs, even though the full extent of the disability is not then apparent and the disability is not so pronounced as to incapacitate the injured person from performing his usual work. If the injury is not latent or trivial, limitations begins to run when the injury occurs."

See also *Gracie v. Koppers Co.,* 213 Md. 109.

By acts of 1957, Chapter 814, the Legislature amended the applicable section of the statute to provide that the period of time which would constitute a complete bar to the claim began to run "from the date of the accident" rather than "after the beginning of his disability".

An explanation of the reason for the 1957 amendment, and its effect, is found in *Workmen's Compensation in Maryland,* Pressman, § 3-15 (1), where the author says:

"Prior to 1957, claims had to be filed within one year from the beginning of the claimant's 'disability.' A tremendous amount of litigation ensued as to the meaning of 'disability.' It was generally held that if the injury was not latent or trivial, then limitations began to run from the date of the injury or as soon as it became apparent to the employee that he had a compensable disability, even though he was able to

> work and sustained no loss of time or wages. (Citations omitted).
>
> To remove this area of controversy, the Legislature in 1957 amended the Act and provided that claims must be filed within eighteen months from *the date of accident*. (Citation omitted). In 1960, the Legislature enlarged the period of filing to two years from the date of accident."

Both the amendment and the history that preceded it make it abundantly clear that it was the intent of the Legislature that the beginning date for the period to bar a claim should be the date of the accident, not the date of disability.

Accordingly, both the Commission and the court correctly applied the law in ruling that Dintaman's claim, filed more than two years after his alleged accident, was barred.

Appellant contended for the first time in his Motion for Rehearing that the application of the plain words of the statute as it now reads was an unconstitutional denial of due process and equal protection of laws to that class of injured employees whose injuries are latent.

Since this appeal is from the judgment as well as from the denial of the motion for rehearing, we should point out that our consideration of the two aspects of the appeal requires application of different standards.

The Court of Appeals said in *Clarke Baridon v. Union Co.*, 218 Md. 480, at page 483:

> "After the judgment properly was entered, the question of whether it should or should not be vacated in whole or in part was within the sound discretion of the trial court for the ensuing thirty days. The decisive point no longer was whether there existed a genuine dispute as to a material fact, but rather whether the court was satisfied that there had been shown a rea-

sonable indication of a meritorious defense or other equitable circumstances that would justify striking the judgment—that is, whether the court entertained a reasonable doubt that justice had not been done."

It is not entirely clear that in ruling on the Motion for Rehearing Judge Bowie considered constitutional issues, and indeed it would have been difficult for him to do so because there was no evidence against which such issues could be measured, and they were not developed through the adversary process which is required for their proper determination.

As Chief Judge Murphy said for this Court in *Vuitch v. State,* 10 Md. App. 389, at pages 397 and 398:

"But it would be foolhardy in the extreme to undertake the resolution of such complex constitutional questions upon a record as procedurally and substantively deficient as that now before us—one in which the constitutional questions, though readily apparent prior to trial, were raised for the first time after the State had concluded its case-in-chief, and then only by an inappropriate motion (generally alleging unconstitutionality along a front far more limited in thrust than that presently sought to be aired), submitted without comment, or illuminating argument. Whether the trial judge actually considered appellant's constitutional claims cannot be ascertained from the record since in denying the motion he made no comment thereon, and may well have concluded, quite properly, that the constitutional questions could not be raised at that juncture of the proceedings by motion for judgment of acquittal. Of course, nothing is better settled than the rule that a question as to the constitutionality of a statute will not be considered on appeal when

not properly raised and decided by the lower court. *Luthardt v. State,* 6 Md. App. 251; *Iozzi v. State,* 5 Md. App. 415; *Woodell v. State,* 2 Md. App. 433."

We find no error in the proceedings in the court below.

*Judgments affirmed.*
*Appellant to pay costs.*