CLIFFORD DANIEL LOCKWOOD v. BEN ALEXANDER PORTER, JR., CHARLES JONES AND TRYON MANOR CORPORATION

No. 8926DC219

(Filed 1 May 1990)

**Insurance § 101 (NCI3d) — automobile insurance — insurer's right to have plaintiff examined by doctor — plaintiff's refusal to cooperate — action for medical payments barred**

An automobile insurer's right to have plaintiff examined by its physician was a material part of the insurance contract, and plaintiff's unjustified refusal to be examined violated the cooperation clause of the policy and barred plaintiff's action for medical payments as a matter of law.

**Am Jur 2d, Automobile Insurance §§ 405, 406.**

APPEAL by plaintiff from judgment entered 21 October 1988 by *Cantrell, Judge,* in MECKLENBURG County District Court. Heard in the Court of Appeals 10 October 1989.

*Price, Smith and Bednarik, by Daniel J. Clifton and Michael J. Bednarik, for plaintiff appellant.*

*Underwood Kinsey & Warren, by Richard L. Farley and Kenneth S. Cannaday, for appellee Aetna Casualty & Surety Company.*

PHILLIPS, Judge.

Plaintiff, driving a vehicle owned by Janice G. McGlen and insured by Aetna Casualty & Surety Company, suffered injuries as a consequence of a three-car collision caused by defendant Porter, an uninsured motorist. His suit as an unnamed insured under McGlen's policy against the alleged uninsured motorist for medical payments was answered by Aetna in its own name as G.S. 20-279.21(b)(3)a permits. In answering Aetna also moved for sum-

mary judgment based upon plaintiff's failure to comply with policy provisions mandating that:

A person seeking any coverage must:

> 1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
>
>  . . . .
>
> 3. Submit, as often as we reasonably require, to physical exams by physicians we select. We will pay for these exams.

Following a hearing on appellee's motion plaintiff's action was dismissed by summary judgment because the materials of both parties indicated without contradiction that plaintiff refused to appear for a doctor's appointment that Aetna scheduled under the foregoing policy provisions. In his affidavit plaintiff stated in substance that: Aetna made an appointment for him to be examined at 9:30 a.m. on 25 April 1984 by Dr. John Roper, an orthopedic physician; he failed to keep the appointment because he did not want to waste his time with a doctor who was not going to do anything for him and would report to Aetna that nothing was wrong with him when that was not so; and he thought the whole situation was a rip-off.

The foregoing facts give rise to the following legal conclusions: The cooperation clause was binding upon plaintiff as an additional insured operating an automobile with the permission of the insured. 8 J. Appleman, Insurance Law and Practice Sec. 4775 (1981). Aetna's right to have plaintiff examined by its physician is a material part of the insurance contract, and plaintiff's unjustified refusal to be so examined violated the cooperation clause of the policy and bars his action as a matter of law. *Orozco v. State Farm Mutual Insurance Co.*, 360 F.Supp. 223 (S.D. Fla. 1972), *aff'd*, 480 F.2d 923 (5th Cir. 1973). Though failure to cooperate under an insurance policy is an affirmative defense upon which Aetna has the burden of proof, *MacClure v. Accident & Casualty Insurance Co. of Winterthur, Switzerland*, 229 N.C. 305, 49 S.E.2d 742 (1948), the dismissal was nevertheless correct, since plaintiff's own sworn admission established the defense as a matter of law. *Hedgecock v. Jefferson Standard Life Insurance Co.*, 212 N.C. 638, 194 S.E. 86 (1937).

Affirmed.

Judges COZORT and LEWIS concur.