658 A.2d 1147

**Karen E. DeBUSK**

v.

**JOHNS HOPKINS HOSPITAL.**

**No. 1231, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

June 1, 1995.

---

Harvey Greenberg, Towson, for appellant.

Heather H. Kraus (Perry A. Darby, Joseph M. English IV and Semmes, Bowen & Semmes, on the brief), Baltimore, for appellee.

Argued before FISCHER, DAVIS and SALMON, JJ.

FISCHER, Judge.

Karen E. DeBusk, appellant, filed a claim with the Maryland Workers' Compensation Commission (the "Commission") under the Maryland Workers' Compensation Act (the "Act").

Appellee, Johns Hopkins Hospital contested the claim, alleging that the claim was barred by the statute of limitations. The Commission held a hearing and found that the statute of limitations barred the filing of the claim. The Circuit Court for Baltimore City (Gordy, J.) affirmed, on a motion for summary judgment. DeBusk appeals from that order and asks us to address the following questions:

I. Did the Court err in granting summary judgment without allowing appellant the opportunity to discover facts relating to estoppel and absence of the employer's notice?

II. Did the Court err in granting summary judgment on the basis that limitations for accidental injuries accrue from the date of the accident, as opposed to the date of discovery of a compensable injury?

III. Did the Court err in declining to hold that limitations for accidental personal injuries based on the date of the accident, denied Appellant equal protection under the law?

## FACTS

DeBusk was employed as a registered nurse in the Neuroscience Critical Care Unit of Johns Hopkins Hospital. On October 2, 1990, DeBusk was lowering the head of an electric bed of a paralyzed patient. The bed began to tilt to the side and the patient began to fall toward the tilted side. DeBusk grabbed the bed to prevent it from collapsing. When she realized that only a wheel had come off, she released the bed. At the time of the incident, DeBusk felt a strain in her neck and right shoulder region but continued to work through the end of her shift. DeBusk orally reported the incident to her supervisor.

DeBusk continued to work all her scheduled shifts. During the two months following the incident, DeBusk experienced periodic neck and shoulder discomfort. The discomfort was more prominent when she worked longer shifts and usually abated with rest. DeBusk believed she had suffered a minor strain, but decided to be examined by a doctor at the Johns Hopkins Hospital Workers' Compensation Clinic (the "Clinic").

On December 6, 1990, DeBusk was examined at the Clinic. She was told to return to work and return to the Clinic four days later for an x-ray examination. The x-rays were read as unremarkable. Other than her appointments at the Clinic, DeBusk continued her work and regular duties.

DeBusk continued to suffer from neck and shoulder pain and began treatment from a chiropractor on February 19, 1991. She continued to receive treatments through the summer of 1992. During this time, DeBusk missed occasional days from her regular duties. The bills for the chiropractic treatments were paid by appellee.

In July of 1992, DeBusk experienced severe symptoms in her right arm and went back to the Clinic where nerve conduction studies were performed. The tests were normal. On July 24, 1992, DeBusk was referred by her primary care physician for an MRI of the cervical spine. The MRI revealed some disc herniation and evidence of a spur centrally and slightly toward the right side of the C6–C7 cervical spine.

On November 10, 1992, DeBusk filed a claim with the Commission. On August 5, 1993, the Commission held a hearing on the issue raised by appellee: whether DeBusk's claim was barred by limitations. The Commission found that the claim was barred and, on August 23, 1993, denied DeBusk's claim.

DeBusk appealed to the Circuit Court for Baltimore City. On March 10, 1994, DeBusk filed answers to appellee's request for production of documents and interrogatories and filed a set of interrogatories to appellee. These interrogatories dealt with equitable estoppel and whether the employer should have filed an employer's notice with the Commission.

On March 24, 1994, appellee filed a motion for summary judgment. DeBusk moved to extend time to file an answer until 30 days after appellee responded to her interrogatories. On April 14, 1994, the circuit court denied the motion, citing noncompliance with Maryland Rules 1–204(b) and 1–351. Appellee agreed to stipulate to an extension of time but the circuit court denied the motion, stating that the motion for

summary judgment was scheduled to be argued on May 25, 1994.

On summary judgment, appellee argued that DeBusk's claim was barred by the two year statute of limitations set forth in Md.Code (1991), § 9–709(b)(3) of the Labor and Employment Article.[1] Appellee relied on this Court's opinion in *Dintaman v. Board of County Commissioners*, 17 Md.App. 345, 303 A.2d 442 (1973). Appellant argued that the two year limitation period did not begin to run from the date of her accident because this accident did not produce an immediately apparent disability. Appellant argued that the current codification of the limitations requirement uses different language than did the statute considered in *Dintaman*. Appellant also argued that appellee had a notice obligation and that the statute of limitations was tolled until the employer filed the requisite notice pursuant to § 9–707. In addition, appellant argued that appellee's limitations defense was waived by equitable estoppel because she notified her employer of her injury and that it was unclear that she was required to file a claim.

At the hearing, the court denied DeBusk's claim, rejecting her equitable estoppel and constitutional arguments. In addition, the trial court found that the language of the statute is clear and that the words "accidental personal injury" mean from the date of the accident. The trial judge relied on Md.Code (1991), § 9–709(b)(3) of the Labor and Employment Article and *Dintaman v. Board of County Commissioners*, 17 Md.App. 345, 303 A.2d 442 (1973).

## STANDARD OF REVIEW

Under Maryland Rule 2–501(a), a motion for summary judgment may be filed "on the ground that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law." Subparagraph (e) of the rule

---

1. All statutory references are to Md.Code (1991) Labor and Employment Article, unless otherwise noted.

directs the court to "enter judgment in favor of or against the moving party if the motion and response show that there is no genuine dispute as to any material fact and the party in whose favor judgment is entered is entitled to judgment as a matter of law."

The trial court determines issues of law and does not resolve disputed issues of fact. *Beatty v. Trailmaster,* 330 Md. 726, 737, 625 A.2d 1005 (1993); *Heat & Power v. Air Products,* 320 Md. 584, 591, 578 A.2d 1202 (1990). Thus, the standard of review for appellate courts is whether the trial court was legally correct. *Beatty,* 330 Md. at 737, 625 A.2d 1005; *Heat & Power,* 320 Md. at 591, 578 A.2d 1202. *See also Bond v. NIBCO,* 96 Md.App. 127, 134–136, 623 A.2d 731 (1993); *Seaboard Surety v. Richard F. Kline, Inc.,* 91 Md.App. 236, 241–245, 603 A.2d 1357 (1992). The rules pertaining to summary judgment apply to workers' compensation commission appeals. *Dawson's Charter Service v. Chin,* 68 Md.App. 433, 440, 511 A.2d 1138 (1986).

## DISCUSSION

 The central issue in this case is whether DeBusk filed her workers' compensation claim within the statutory time period. The procedure for filing a claim under the current workers' compensation law is as follows: When an employee is injured due to an accidental personal injury [2], the employee must give oral or written notice to the employer within 10 days after the accidental personal injury. § 9–704(b)(1). Failure to give notice, unless excused by the Com-

---

2. "Accidental personal injury" means:
 (1) an accidental injury that arises out of and in the course of employment;
 (2) an injury caused by a willful or negligent act of a third person directed against a covered employee in the course of the employment of the covered employee; or
 (3) a disease or infection that naturally results from an accidental injury that arises out of and in the course of employment, including:
 (i) an occupational disease; and
 (ii) frostbite or sunstroke caused by a weather condition.
 § 9–101(b).

mission under § 9–706, may be fatal to the employee's case. *Molony v. Shalom Et Benedictus*, 46 Md.App. 96, 415 A.2d 648 (1980). If the accidental personal injury causes disability for more than three days, the employer must report the accidental personal injury and the disability to the Commission within 10 days after receiving oral or written notice of the disability from the employee. § 9–707(a). Section 9–709(a) provides that the employee must file a claim with the Commission within 60 days after the date of the accidental personal injury. Giving notice to the employer of an injury is not the same as an application for benefits and an employer is not required to file a claim. This 60 day period does not begin to run until the injury becomes apparent. *Griffin v. Rustless Iron & Steel Co.*, 187 Md. 524, 51 A.2d 280 (1947). "Unless excused by the Commission ..., failure to file a claim in accordance with subsection (a) of this section bars a claim under this title." § 9–709(b)(1). "Notwithstanding paragraphs (1) and (2) of this subsection, if an employee fails to file a claim within 2 years after the date of the accidental personal injury, the claim is completely barred." § 9–709(b)(3). In addition, this statute of limitations does not begin to run until the employer files a report with the Commission pursuant to § 9–707, (which requires an employer to report the accidental personal injury and disability to the Commission if the accidental personal injury causes disability for more than three days) if the employer has been notified in accordance with § 9–704.

## I.

DeBusk first argues that the trial court erred in granting summary judgment without giving her the opportunity to discover facts relating to estoppel and absence of the employer's notice. She contends that she was precluded from discovering particular information that substantiated her claim that limitations had not run.

DeBusk argues that the court's denial of the extension of time was an abuse of discretion because she needed the information in order to answer properly appellee's motion for

summary judgment. In her response to the motion for summary judgment, she argued that the employer had a notice obligation pursuant to § 9–707. DeBusk admitted before the Commission that she had missed no days of work. In addition, her claim form indicates that she did not miss any work. Because there was no period of missed work, appellee was under no obligation to file a report pursuant to § 9–707 and, accordingly, the exception in § 9–708(b) does not apply. This information was found in the record before the Commission and, therefore, further discovery was unnecessary.

DeBusk also contends that further discovery would have helped her substantiate her argument that appellee was equitably estopped from pleading limitations. Section 9–709(d) provides that if it is established that the failure to file a claim within the statutory period was caused by facts and circumstances amounting to estoppel, the employee is to file a claim within one year after the facts and circumstances amounting to estoppel cease to operate. Estoppel means voluntary conduct by the employer or insurer which precludes it from asserting rights that otherwise would have been expected. *Bayshore Industries, Inc. v. Ziats,* 232 Md. 167, 192 A.2d 487 (1963). The innocent party must be misled to his or her detriment and this depends on the facts and circumstances of a particular case. The doctrine is inapplicable if the party is not misled to his or her detriment. The failure to file an accident report does not amount to estoppel. *Dunstan v. Bethlehem Steel Co.,* 187 Md. 571, 576, 51 A.2d 288 (1947). DeBusk claims that she did not know that she was required to file a claim because there were no notices posted by her employer. This is not a basis for estoppel. *Walter J. Crismer & Son, Inc. v. Seal,* 258 Md. 437, 441, 265 A.2d 918 (1970).

We find no abuse of discretion on the part of the trial judge.

## II.

Whether DeBusk filed her claim within the statutorily prescribed time turns on whether the date of the "accidental personal injury" is the date of the actual accident or the date

that DeBusk became aware of the disability. During argument on the summary judgment motion, DeBusk contended that her condition was trivial and that she knew or should have known that she had a compensable injury on December 6, 1990, when she went to the clinic to be examined. Therefore, the claim filed on November 10, 1992, would be within the two year time period. DeBusk argues that the 1991 recodification of the Act reinstated the pre–1957 definition of the date from which the time begins to run. Appellee argues that the 1991 recodification did not create a substantive change from the 1957 law. In order to make this determination, it is necessary to review the developments in workers' compensation law and the relevant case law interpreting these statutes.

The current workers' compensation law is codified in Md. Code (1991), §§ 9–101 *et seq.* of the Labor and Employment Article. Prior to this recodification in 1991, from 1914 until October 1, 1991, the Act was set forth in Md.Code Art. 101. Richard P. Gilbert and Robert L. Humphreys, Jr., *Maryland Workers' Compensation Handbook* (2nd ed. 1993). The relevant analogous sections were Art. 101, §§ 38, 39.

Prior to 1957, claims had to be filed within one year from the beginning of the claimant's "disability." Maurice J. Pressman, *Workmen's Compensation in Maryland,* § 3–15 (1971). There were many cases litigating the meaning of "disability." In *Griffin,* after discussing authorities from other states, the Court of Appeals held that

the wording of the Maryland statute indicates that the period of limitation begins to run from the time when the disability becomes, or should become, reasonably apparent. And we hold that this does not mean the particular class of disability for which compensation is asked, but any disability (except that of a trivial nature) which arises from an accident and which eventually ripens into the class of disability for which compensation is claimed.

*Griffin,* 187 Md. at 540–1, 51 A.2d 280. In *Baltimore Steel Co. v. Burch,* 187 Md. 209, 49 A.2d 542 (1946), the Court of

Appeals held that the period of limitations began to run from the time claimant sustained a compensable injury. The claimant's accident occurred on July 27, 1941, but he did not suffer any "disability" until May 18, 1945. The claimant had argued that the time ran from the date of disability. The Court agreed and reasoned that the weight of the authority is that there can be no claim unless it is compensable and that limitations cannot begin to run until the claim becomes compensable. Because the claim did not become compensable until claimant suffered a disability, limitations began to run from the date of disability.

Because there developed a controversy as to the meaning of disability, in 1957 the Legislature amended the Act and provided that claims must be filed within eighteen months from the *date of accident.* In 1960, the Legislature changed the filing period to two years 'from the date of the accident. Pressman, § 3–15. Failure to file a claim within two years of the date of the accident was a complete bar to filing a claim. An exception to this rule was that, if an employer knew that an employee had missed more than three days of work and failed to file a report, the two year limitations period did not begin to run until the employer filed a report. A disability of three days means loss of three days work and not three days of pain and suffering without loss of time from work. *Douglas v. American Oil Co.,* 235 Md. 4, 7, 200 A.2d 57 (1964).

In 1973, this Court decided *Dintaman.* Claimant suffered an injury, which he alleged he sustained in the course of his employment on January 29, 1969. The Commission held that his claim was barred by Md.Code Art. 101, § 39(a) because he did not file his claim within two years after the date of the accident. Dintaman argued that he did not realize that he was injured at the time of the accident because the injury was latent and he did not become aware of it until September of 1971. This date was two years and eight months after the injury. *Dintaman,* 17 Md.App. at 346, 303 A.2d 442. After discussing *Griffin,* the Court noted that the "Legislature amended the applicable section of the statute to provide that the period of time which would constitute a complete bar to

the claim began to run 'from the date of the accident' rather than 'after the beginning of his disability'" and cited Pressman. The Court held, "Both the amendment and the history that preceded it make it abundantly clear that it was the intent of the Legislature that the beginning date for the period to bar a claim should be the date of the accident, not the date of disability." *Dintaman,* 17 Md.App. at 348–349, 303 A.2d 442.

We believe that the law as stated by this Court in *Dintaman* is still applicable despite the slight change in language. It is apparent that the trend of the Legislature has been to define the beginning of the two year statutory period to be the date of the accident. The Revisor's Notes state, "[T]his section is new language derived *without substantive change* from former Art. 101, § 39(a) and, as it related to a covered employee suffering a disability from an accidental injury, (c)." 1991 Md. Laws, Chap. 8 (emphasis added). In addition, in arriving at the true intent of the Legislature, we must read and construe all sections of the Act together. *Subsequent Injury Fund v. Chapman,* 11 Md.App. 369, 274 A.2d 870, *aff'd,* 262 Md. 367, 277 A.2d 444 (1971). Reading the relevant sections together, it is apparent that the term "accidental personal injury" refers to the date of the accident. For example, § 9–707 provides "if an *accidental personal injury* causes a *disability* for more than 3 days . . ., the employer shall report the *accidental personal injury* and the *disability* . . . to the Commission within 10 days after receiving oral or written notice of the disability. . . ." (Emphasis added.) If the term "accidental personal injury" referred to disability, as opposed to the date of the accident, there would be no need to include the term "disability" within the statute as well. In addition, § 9–704 states that notice is required if an employee is "injured . . . due to an accidental personal injury. . . ." This also implies that accidental personal injury means the date of the accident.

In addition, § 9–709(c) provides the following:

(c) Filing claim—Ionizing radiation.—If a covered employee is disabled due to an accidental personal injury from ioniz-

ing radiation, the covered employee shall file a claim with the Commission within 2 years after:

(1) the date of disablement; or

(2) the date when the covered employee first knew that the disablement was due to ionizing radiation.

If the Legislature had intended that an accidental personal injury meant the date of disability, § 9–709(c) would be meaningless.

In *Howard County Association for Retarded Citizens, Inc. v. Walls*, 288 Md. 526, 418 A.2d 1210 (1980), the Court of Appeals held that the two year limitation requirement in § 9–709(b)(3) was tolled until the employer filed an accident report, as required by § 9–708(b). Before the employer is required to file a report, it must receive notice that the employee has missed more than three days of work. § 9–707(a). The provision in *Walls* does not apply to this case. Although no notice was ever filed by the employer, the employer never received notice that DeBusk had missed three days of work. Because DeBusk did not claim to have missed three days of work within the two years from the accidental personal injury, limitations on her claim has run.

## III.

DeBusk's last contention is that the circuit court erred in declining to find that the limitations provision violated her right to equal protection under the law. Appellant appears to argue that the statutory scheme is irrational in its application to different classes of workers. We find no merit in this argument and no abuse of discretion on the part of the trial judge.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.