730 A.2d 690

Barbara SMART

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.

No. 1272, Sept. Term, 1998.

Court of Special Appeals of Maryland.

May 28, 1999.

Edward V. Hanlon, College Park, for appellant.

Jennifer A. Maged (Allan A. Noble and Budow & Noble, P.C., Bethesda, on the brief), for appellees.

Argued before HARRELL, EYLER and JAMES S. GETTY (Ret'd, Specially Assigned), JJ.

JAMES S. GETTY, Judge (Retired, Specially Assigned).

This appeal arises from the grant of a Motion for Summary Judgment by the Circuit Court for Prince George's County. State Farm Automobile Insurance Company, the appellee, filed the motion alleging that Barbara Smart, the appellant herein, and State Farm's insured, materially breached her insurance contract with State Farm by refusing to attend an out-of-state medical examination sought by State Farm.

### *Background*

On July 12, 1996, appellant, a resident of Prince George's County, was involved in a collision with a tractor-trailer on Interstate 95 near Fairfax, Virginia. The accident occurred when the tractor-trailer collided with the rear of appellant's vehicle, which appellant alleged resulted in serious and permanent injuries to her. Subsequent investigation revealed that the tractor-trailer was uninsured and the New Jersey license tags on the vehicle were untraceable.

Appellant's insurance policy issued by State Farm included uninsured motorist coverage. Appellant submitted to an MRI examination requested by her treating physician on September 9, 1996. All active medical treatment ended by October 29, 1996, and appellant's physician assigned her an impairment rating of 14%. A follow-up visit to appellant's physician on March 5, 1997, indicated that her physical condition was unchanged and no further visits were scheduled. She had two herniated discs.

On April 24, 1997, State Farm forwarded a letter to appellant's counsel stating that it had not yet decided whether to demand an independent medical examination (IME) of appel-

lant. Six days later, State Farm requested an IME to be performed by Dr. Bruce Ammerman in Washington, D.C., on May 23, 1997. Appellant objected to the out-of-state examination because Dr. Ammerman was beyond the jurisdiction of the Prince George's County Court and could not be subpoenaed to attend a trial or to provide medical records for any litigation that might become necessary in Maryland. As a result, the scheduled IME was not performed.

On May 29, 1997, appellant filed suit against State Farm alleging breach of contract. State Farm's answer was filed July 17, 1997, generally denying liability, but not asserting any material breach of the terms of the contract. By letter dated July 31, 1997, appellant's counsel inquired if State Farm wanted an IME now that suit had been filed. State Farm responded on October 20, 1997, nearly three months after appellant's inquiry, by issuing a reservation of rights letter based solely on appellant's pre-suit refusal to attend an out-of-state IME. State Farm then scheduled, by letter dated October 27, 1997, an IME before Dr. Ammerman on November 24 in the District of Columbia; that appointment was changed for scheduling reasons to December 11, 1997.

On December 3, 1997, appellant notified State Farm that she would submit to the examination by Dr. Ammerman in the District of Columbia on December 11 only if the physician would expressly agree to submit to the jurisdiction of the Maryland court. State Farm refused the offer, and on December 31 the insurer filed a Motion for Summary Judgment, alleging a material breach of the contract concerning both the IMEs which appellant had refused to attend.[1]

Appellant filed a Motion for Protective Order, pursuant to Md. Rule 2–423, on March 10, 1998, requesting that the circuit court set the time, date, and place for an IME of appellant by a doctor "both licensed and employed" in the State of Maryland. In the motion, appellant's counsel cited as cause for the

---

1. Appellant notified State Farm that the December 11 IME should be canceled. State Farm canceled to avoid a "no show" charge.

motion Dr. Ammerman's alleged extensive defense litigation practice and counsel's belief that the physician would not obey a subpoena from the circuit court, or voluntarily submit to the jurisdiction of the Maryland court.

State Farm opposed appellant's motion, citing from the policy language that "the person making claim also shall ... be examined by physicians chosen and paid by us as often as we reasonably may require." The plain meaning of the terms governing an IME, according to State Farm, prohibits appellant from "restricting the Defendant's choice of doctor in this case." Additionally, State Farm alleged that Md. Rule 2–423 does not limit a party's choice of physician as appellant suggests. The Rule provides:

> When the mental or physical condition ... of a party ... is in controversy, the court may order the party to submit to a mental or physical examination by a suitably licensed or certified examiner. ... [T]he order may be entered only on motion for good cause shown and upon notice to the person to be examined and to all parties. It shall specify the time and place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. The order may regulate the filing and distribution of a report of findings and conclusion and the testimony at trial by the examiner, the payment of expenses, and any other related matters.

This case then proceeded along different paths. Two different judges made separate and inconsistent rulings four days apart. On March 30, Judge Thomas P. Smith considered appellant's Rule 2–423 motion and State Farm's response and granted the motion without a hearing, but none was requested. His Order provided that State Farm had a right to choose the physician, but that the examination must take place in Maryland by a doctor licensed and employed in Maryland. Judge Smith's Order was not docketed, however, until April 8. The docket entries show that copies of the Order were mailed to counsel by the Clerk's Office on that date.

On April 3, Judge E. Allen Shepherd conducted a hearing on State Farm's Motion for Summary Judgment. Apparently, at the time of the second hearing, neither of the parties had knowledge of the earlier ruling by Judge Smith. Judge Shepherd held from the bench that appellant's refusal to appear for the scheduled IME was a material breech of the contract and that "there was prejudice that inured to State Farm . . . ." The court did not elaborate on how State Farm was prejudiced, but summary judgment was granted to the insurer. A docket entry to like effect entering judgment for State Farm was made on April 8. No written order is in the record. Two subsequent motions for reconsideration were filed by appellant referencing Judge Smith's Order, but Judge Shepherd denied both without elaboration.

### *Issues*

Appellant raises nine issues for review; appellee raises just one. Appellant's questions two through six, which we need not set forth, raise issues of waiver and estoppel which were not raised in the hearing below and which appellant has not preserved for review. Md. Rule 8–131(a); *Beeman v. Department of Health and Mental Hygiene,* 107 Md.App. 122, 159, 666 A.2d 1314 (1995). We have combined issues one and seven and, together with questions eight and nine, appellant's issues are:

1. Whether the court erred in granting summary judgment when State Farm did not prove it suffered prejudice.

2. Whether the court erred in granting summary judgment when State Farm's policy is silent as to whether it may require appellant to appear for an IME in a foreign jurisdiction and disclaim coverage if its insured objects.

3. Whether under Md. Rule 2–423 the circuit court, once litigation has commenced, may control the time and place for an IME requested by the insurer.

Appellee's issue is stated as:

Whether the insurer is entitled to judgment as a matter of law when the insured, claiming benefits for bodily injury

under her uninsured motorist benefits policy, refused, under advice of counsel, to attend an IME as required by the terms of the policy.

### *Analysis*

We review a grant of summary judgment in accordance with Md. Rule 2–501(e). Summary judgment is proper if "there is no genuine dispute as to any material fact and . . . the party in whose favor judgment is entered is entitled to judgment as a matter of law." *Id.* In determining whether a party is entitled to judgment under Rule 2–501, the court must view the facts, including all inferences, in the light most favorable to the opposing party. *Baltimore Gas & Electric Co. v. Lane,* 338 Md. 34, 43, 656 A.2d 307 (1995); *Beatty v. Trailmaster Products, Inc.,* 330 Md. 726, 739, 625 A.2d 1005 (1993). The role of the trial court is not to decide issues of fact; the court is confined to deciding issues of law. *DeBusk v. Johns Hopkins Hospital,* 105 Md.App. 96, 102, 658 A.2d 1147 (1995).

We hold that State Farm was not entitled to summary judgment and the trial court erred in granting judgment. This case, therefore, must be remanded to the Circuit Court for Prince George's County for further proceedings in accordance with this opinion.

■ The insurance contract is silent as to the specifics of any examination, including whether the insured may be required to submit to an IME in a foreign jurisdiction, or if the physician selected to perform the examination must be subject to the jurisdiction of the Maryland court. What is entirely clear, however, is that the insured *did not* refuse to submit to an IME requested by the insurer, and *did not* refuse to be examined by the physician selected by insurer to conduct the IME.

State Farm cites *Allstate Ins. Co. v. Eaton,* 248 Va. 426, 448 S.E.2d 652 (1994), and *Lockwood v. Porter,* 98 N.C.App. 410, 390 S.E.2d 742, (1990), for the proposition that failure to consent to a physical examination, where the policy provides that the insurer may require the insured to undergo such an

examination, is a breach of a material contract term barring the insured's claim. Both cases are distinguishable from the present case. In *Lockwood,* the insured refused to appear for an examination because he believed the physician chosen by the insurer would report that there was nothing wrong with him, and the requested examination was "a rip off." In *Allstate,* the insured refused to submit to an independent medical examination, and did not provide the insurer any reason for her refusal. The cases are inapposite to the matter before us.

As a matter of fundamental fairness, we conclude that the right to require a medical examination contained in the contract of insurance should be construed by the application of a reasonableness rule [2] wherein the trial court on remand shall address the specifics of the contract provisions as they relate to the independent medical examination sought by the insurer. The specific questions to be resolved include the place of the examination, the availability of the examining physician as a witness in Prince George's County and its importance, and the applicability of Md. Rule 2–423 to the proceedings.

We shall, therefore, vacate both the summary judgment entered on April 3, 1998, and the Rule 2–423 Order entered on March 30, 1998. In view of the remand, we need not address the four issues raised by the parties.

**JUDGMENT VACATED; MD. RULE 4–423 ORDER DATED MARCH 30, 1998, VACATED. REMANDED TO CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS.**

**COSTS TO BE PAID BY APPELLEE.**

---

**2.** The Court of Appeals adopted a reasonableness rule with respect to the disapproval of plans in *Kirkley v. Seipelt,* 212 Md. 127, 128 A.2d 430 (1957); and we reconciled an inconsistency in a reservation clause by reading into the reservation clause a requirement of reasonableness in *Markey v. Wolf,* 92 Md.App. 137, 607 A.2d 82 (1992).